

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christopher Melling, *Plaintiff*, against Hamilton Point Investments, LLC, *Defendant*. | 1:18-CV-3514 (ARR) (SMG)<br><br>Not for Publication<br><br>Memorandum & Order |

ROSS, United States District Judge:

"It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction . . . must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). For the following reasons, I find that the defendant has failed to adequately establish this court's subject-matter jurisdiction. The defendant is directed to cure its deficient allegations by August 30, 2018.

## BACKGROUND

On May 16, 2018, the plaintiff, a resident of Kings County in the State of New York, filed this action in Kings County Supreme Court against the defendant, a limited liability company incorporated in Delaware and with its principal place of business in Connecticut. Compl. ¶¶ 8–9, ECF No. 1-2. On June 15, 2018, the defendant removed the case to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal ¶ 4, ECF No. 1. In so doing, the defendant expressly reserved its rights to bring a jurisdictional

1

defense later. *Id.* ¶ 3; *see also Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."). And indeed, on July 18, 2018, the defendant submitted a letter to this court seeking, *inter alia*, to move to dismiss the case in its entirety for lack of personal jurisdiction. Def.'s Letter, ECF No. 9.

Before I can entertain the proposed motion, however, I must be satisfied that this court has subject-matter jurisdiction to hear the case at all. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). I am not.

## DISCUSSION

In this case, the defendant has asserted that this court has subject-matter jurisdiction under 28 U.S.C. § 1332 "because the parties are completely diverse and the amount in controversy exceeds $75,000." Notice of Removal ¶ 4; *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) ("[Section 1332] require[s] complete diversity between all plaintiffs and all defendants."). Specifically, the defendant claims that "there is complete diversity between the parties because Plaintiff is a citizen of New York and Defendant is a citizen of Delaware and Connecticut." Notice of Removal ¶ 7. The defendant is a citizen of Delaware and Connecticut, it claims, because it "is a limited liability company incorporated in Delaware, with its principal place of business in Connecticut." *Id.* ¶ 5; *see also* Compl. ¶ 9 (alleging same).

But "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir.

2012). The defendant's notice of removal, and the plaintiff's complaint, however, are silent as to the identity or citizenship of the defendant's members. Accordingly, the notice of removal "is deficient" (*Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016)), and I am presently unable to determine whether this court has subject-matter jurisdiction over this case.

"[A] removing party may be given leave to cure a defective ground for removal under 28 U.S.C. § 1653 barring a 'total absence of jurisdictional foundations' ... [in order] to preserve jurisdiction where it exists but was *defectively stated.*" *Arancio v. Prudential Ins. Co. of Am.*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94 Civ. 5679 (RPP), 1995 WL 60025, at *1 (S.D.N.Y. Feb. 10, 1995)); *see also Avant Capital Partners, LLC v. W108 Dev. LLC*, ___ F. Supp. 3d ___, No. 16 Civ. 3359 (LLS), 2016 WL 3660756, at *2 (S.D.N.Y. June 30, 2016) (allowing amendment of complaint to allege citizenship of LLC members); *CBS Inc. v. Snyder*, 762 F. Supp. 71, 76 (S.D.N.Y. 1991) (allowing amendment of removal notice to correct inadequate allegations of diversity).

## CONCLUSION

Accordingly, the defendant is directed to file an amended notice of removal, setting forth sufficient basis for federal diversity jurisdiction, by August 30, 2018.[1] If it cannot or does not, this case will be remanded to New York State Supreme Court.

So ordered.

---

[1] The defendant is reminded that "diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (2d ed. 1990)).

s/Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated:     August 23, 2018
              Brooklyn, New York